ANDREW BAUM - State Bar No. 190397
abaum@glaserweil.com
ALAINA BIRD - State Bar No. 318044
abird@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants Robert Luna,
Kathryn Barger, Janice Hahn, Holly Mitchell,
Hilda Solis, Lindsey Horvath, and Hugo Macias*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| J.L. BOYD, R. CAMOU, and C. ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT LUNA, KATHRYN BARGER, JANICE HAHN, HOLLY MITCHELL, HILDA SOLIS, LINDSEY HORVATH, HUGO MACIAS, and 9 UNKNOWN NAMED DEFENDANTS,<br><br>Defendants. | CASE NO.: 2:24-cv-05716-SPG-AJR<br><br>Hon. Sherilyn Peace Garnett<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE PLAINTIFFS' RULE 28(J) ANALOG IN SUPPORT OF MOTIONS FOR CLASS CERTIFICATION AND PRELIMINARY INJUNCTION (DKT. 43)**<br><br>*[Proposed] Order filed concurrently herewith* |

Defendants Robert Luna, Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, Lindsey Horvath, and Hugo Macias ("Defendants") hereby object to, and respectfully request that the Court strike, Plaintiffs' "Rule 28(j) Analog" in support of their pending motions for class certification and a preliminary injunction. (*See* Dkt. 43.)

Presently fully briefed and pending before the Court are Plaintiffs' motions for class certification and a preliminary injunction. The class certification motion was fully briefed on September 9, 2024. (*See* Dkt. 31.) The motion for preliminary injunction was fully briefed on September 16, 2024. (*See* Dkt. 35.)

One month later, on October 13, 2024, Plaintiffs filed Docket No. 43, which is captioned "Plaintiff's Rule 28(j) Analog in Support of Motions for Class Certification and Preliminary Injunction." Defendants object to this document, and request that it be stricken, for three reasons.

First, this document was purportedly filed pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure. Those rules are not applicable in this action, and there is no provision in the Federal Rules of Civil Procedure providing for Plaintiffs' submission.

Second, Plaintiffs' submission denies Defendants the ability to submit an authorized response in violation of their due process rights. *See T.L. v. Orange Unified Sch. Dist.*, 2024 WL 305387, at *1 n.1 (C.D. Cal. Jan. 9, 2024) ("The court finds no reason to depart from the general principle that the court does not consider new evidence or argument first submitted on reply"); *see also, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *FT Travel--N.Y., LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) ("Courts decline to consider arguments that are raised for the first time in reply."); *Sliding Door Co. v. Glass Door Co., Inc.*, 2023 WL 4763330, at *3 n.3 (C.D. Cal. July 11, 2023) (disregarding arguments and evidence raised for the first time on reply in order denying motion for preliminary injunction); *Stuart v. Cnty. of Riverside*, 2024 WL 3455263, at *10 n.15 (C.D. Cal. Apr. 22, 2024)

1

(Garnett, J.) (citing *Zamani* for the proposition that arguments not raised in opening briefing can be disregarded); *Wallster, Inc. v. Redbubble, Inc.*, 2022 WL 17371051, at *5 n.4 (C.D. Cal. Oct. 21, 2022) (Garnett, J.) (declining to consider argument raised for the first time in reply brief).

Third, the submission merely attaches an article from the *Los Angeles Times*. The article is irrelevant to the pending motions. *See* Fed. R. Evid. 402. And the article is entirely hearsay, including multiple instances of hearsay within hearsay. *See* Fed. R. Evid. 802. Indeed, the excerpts that Plaintiffs underlined and highlighted for the Court are hearsay and contain hearsay within hearsay. Newspaper articles have previously been found to be inadmissible hearsay. *See, e.g., Perry v. Kemna,* 356 F.3d 880, 889 (8th Cir. 2004).

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiffs' Rule 28(j) Analog (Dkt. 43) in its entirety.

DATED: October 18, 2024

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: */s/ Andrew Baum*
ANDREW BAUM
ALAINA BIRD

*Attorneys for Defendants
Robert Luna, Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, Lindsey Horvath, and Hugo Macias*