ANDREW BAUM - State Bar No. 190397
abaum@glaserweil.com
ALAINA BIRD - State Bar No. 318044
abird@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants Robert Luna,
Kathryn Barger, Janice Hahn, Holly Mitchell,
Hilda Solis, Lindsey Horvath, and Hugo Macias

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| J.L. BOYD and R. CAMOU,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT LUNA, KATHRYN BARGER, JANICE HAHN, HOLLY MITCHELL, HILDA SOLIS, LINDSEY HORVATH, HUGO MACIAS, and 9 UNKNOWN NAMED DEFENDANTS,<br><br>    Defendants. | CASE NO.: 2:24-cv-05716-SPG-AJR<br><br>Hon. Sherilyn Peace Garnett<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' "CORRECTED AND AMENDED" SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) (DKT. 60)**<br><br>DATE:           January 15, 2025<br>TIME:           1:30 p.m.<br>COURTROOM:  5C |

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..................................................................................... 1

II.  ARGUMENT ............................................................................................ 2

    A.   The Factual Misstatements in Plaintiffs' Opposition ........................ 2

    B.   Paragraph 9(l) and the SAC's Purported Exhibits Do Not Supply the Necessary Allegations to Adequately Plead Plaintiffs' Claims, and the *Cole* Court's Order Is Inapposite .............................................. 3

    C.   Defendants Are Not Appropriately Named in the SAC ....................... 6

        1.   Defendants Are Not Properly Named in Their Personal Capacities Because the SAC Lacks Any Allegations of Their "Personal Participation" in Purported Misconduct ........... 7

        2.   Defendants Are Not Properly Named in Their Official Capacities Because the County Is the Real Party in Interest ...... 8

    D.   The SAC Fails to State a Claim against Defendants ........................... 9

        1.   Plaintiffs' *Monell* Claims Are Devoid of Any Allegations of a Policy, Custom, or Practice That Was the "Moving Force" Behind Their Purported Harm .................................................... 11

        2.   Plaintiffs' RICO Claim Is Duplicative of Their Defective *Monell* Claims and Lacks Any Specific Facts Establishing Predicate Acts ............................................................................... 13

    E.   Plaintiffs Should Not Be Granted Leave to Amend .......................... 14

III. CONCLUSION ....................................................................................... 15

# TABLE OF AUTHORITIES

Page

**CASES**

*A.E. ex rel. Hernandez v. Cnty. of Tulare,*
  666 F.3d 631 (9th Cir. 2012) .................................................................................. 11

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................. 14

*Barren v. Harrington,*
  152 F.3d 1193 (9th Cir. 1998) ................................................................................. 7

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................................. 10

*Butler v. Elle,*
  281 F.3d 1014 (9th Cir. 2002) ................................................................................. 9

*Cole v. Los Angeles Cnty.,*
  2024 WL 5116403 (C.D. Cal. Dec. 11, 2024) ................................................ 5, 6, 10

*Conley v. Gibson,*
  355 U.S. 41 (1957) ................................................................................................. 10

*Connick v. Thompson,*
  563 U.S. 51 (2011) ........................................................................................ 5, 11, 12

*Destfino v. Reiswig,*
  630 F.3d 952 (9th Cir. 2011) ................................................................................. 15

*Dougherty v. City of Covina,*
  654 F.3d 892 (9th Cir. 2011) ................................................................................. 13

*Espinoza v. Santa Ana Police Dep't,*
  2020 WL 1223530 (C.D. Cal. Jan. 28, 2020) ........................................................ 11

*Galindo v. United States,*
  2023 WL 3564770 (C.D. Cal. Mar. 15, 2023) ...................................................... 14

*Jones v. Williams,*
  297 F.3d 930 (9th Cir. 2002) .................................................................................. 7

*Khoja v. Orexigen Therapeutics, Inc.,*
  899 F.3d 988 (9th Cir. 2018) .................................................................................. 4

*Lee v. Gates,*
  2001 WL 1098070 (C.D. Cal. Sept. 10, 2001) ..................................................... 8, 9

*Luke v. Abbott,*
  954 F. Supp. 202 (C.D. Cal. 1997) ....................................................................... 8, 9

*Monell v. Dep't of Soc. Servs. of the City of N.Y.*,
  436 U.S. 658 (1978) .................................................................................. 5, 11

*Nelson v. Cnty. of Sacramento*,
  926 F. Supp. 2d 1159 (E.D. Cal. 2013) ..................................................... 7, 11

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*,
  806 F.2d 1393 (9th Cir. 1986) .................................................................. 13, 14

*Taylor v. List*,
  880 F.2d 1040 (9th Cir. 1989) ......................................................................... 7

*Trevino v. Gates*,
  99 F.3d 911 (9th Cir. 1996) ........................................................................ 5, 12

*Yagman v. Garcetti*,
  2014 WL 3687279 (C.D. Cal. July 9, 2014),
  *aff'd*, 852 F.3d 859 (9th Cir. 2017) ................................................................ 13

**STATUTES**

18 U.S.C. § 1961, *et seq.* ..................................................................................... 2

42 U.S.C. § 1983 ............................................................................................. 2, 9

**RULES**

Fed. R. Civ. Proc., Rule 8(a) ............................................................................. 10

Fed. R. Civ. Proc., Rule 9(b) ...................................................................... 13, 14

## I. INTRODUCTION

By their Motion to Dismiss, Defendants demonstrated why Plaintiffs' Second Amended Complaint (Dkt. 58, "SAC") does not rectify any of the deficiencies identified in the Court's Order (Dkt. 54, "Order") granting Defendants' motion to dismiss the First Amended Complaint ("FAC") and still fails to state viable claims against Defendants as a matter of law. Indeed, the SAC is nearly identical to the doomed FAC and purports to incorporate by reference exhibits that the Court has repeatedly rejected. In response, Plaintiffs' Opposition (Dkt. 62) fails to meaningfully address— or even acknowledge at all in some instances—any of the fatal flaws identified by the Court and Defendants. In fact, the Opposition never once cites or quotes the Court's analysis in its Order to show how the SAC has cured the identified defects.

Rather, Plaintiffs' Opposition acknowledges that the only substantive change Plaintiffs made to the SAC was the addition of Paragraph 9(l), which they claim is enough based on the cursory allegations therein that reports from the Sybil Brand Commission for Institutional Inspections and other documents supposedly incorporated by reference "set forth the unconstitutional conditions of confinement at the Jail [] and provide evidence of those conditions." (Dkt. 62 at 8:8-19 (quoting Dkt. 58 at ¶ 9(l).) Plaintiffs' only supporting authority for their self-serving conclusion that this is sufficient to correct all the FAC's flaws is an inapposite order entered by another court in this District. This falls far short of Plaintiffs' pleading obligations, and the SAC once again fails to adequately allege claims against Defendants.

As explained in Defendants' Motion to Dismiss, Plaintiffs' purported exhibits are not properly incorporated by reference into the SAC because they are not attached to the SAC and are not described with any detail therein. Even if they were properly incorporated by reference, they are not relevant to Plaintiffs' claims and fail to provide any of the necessary factual allegations that were lacking from the FAC (and now the SAC). Accordingly, because the SAC is otherwise substantively identical to the FAC, it should be dismissed for all the same reasons previous identified by the Court in its

Order and Defendants. Indeed, the SAC and Plaintiffs' Opposition do nothing to establish that Defendants are properly named in the SAC or to salvage Plaintiffs' 42 U.S.C. § 1983 ("Section 1983") *Monell* claims (Counts 1-3) and 18 U.S.C. § 1961, *et seq.* (the Civil Racketeer Influenced and Corrupt Organizations ("RICO") Act) claim (Count 8).

Plaintiffs have had multiple opportunities to adequately allege their claims against Defendants, and they have failed to do so. Plaintiffs even had clear guidance from the Court regarding how to correct the defects in their claims, and they failed to comply with the Court's Order. Plaintiffs have thus shown that further amendment would be futile. Accordingly, Defendants respectfully request that the SAC be dismissed in its entirety pursuant to this Motion without leave to amend.

## II. ARGUMENT

In their Motion to Dismiss, Defendants demonstrated that the claims set forth in the SAC are still defective as a matter of law for all the same reasons previously identified by Defendants and the Court in its Order. Plaintiffs' Opposition fails to effectively address or rebut any of these arguments.

### A. The Factual Misstatements in Plaintiffs' Opposition

At the outset, Defendants feel compelled to address two factual misstatements in Plaintiffs' Opposition. *First*, Plaintiffs once again contend that "[t]he named County supervisor defendants finally have peeped out from behind their bullet-proof desk blotters and have moved to dismiss, having previously failed to do so." (Dkt. 62 at 13 n.2.) This is incorrect. The "named County supervisor defendants" previously moved to dismiss Plaintiffs' Complaint and FAC and are listed in the notice of motion. (Dkt. 20 at 1:3-7.) They argued that they are improperly named (*id.* at 3:20–5:10) and that the claims asserted against them are deficient as a matter of law (*id.* at 5:11–11:16). Contrary to Plaintiffs' assertion, the "named County supervisor defendants" were very much moving parties in connection with Defendants' motion to dismiss the Complaint and FAC.

*Second*, Plaintiffs claim that "Counts 6 & 7 are pled to preserve them for a possible appeal, as current case law does not support them." (Dkt. 62 at 22 n.4.) Defendants assume that Plaintiffs are referencing their international law claims in Counts 6 and 7 in the FAC, which the Court dismissed with prejudice and Plaintiffs removed from the SAC. (Dkt. 54 at 11:23-25; Dkt. 60-2 at 10–12.) Accordingly, these claims have not been preserved for appeal.

### B. Paragraph 9(l) and the SAC's Purported Exhibits Do Not Supply the Necessary Allegations to Adequately Plead Plaintiffs' Claims, and the *Cole* Court's Order Is Inapposite

In their Motion to Dismiss, Defendants emphasized that, in response to the Court's Order highlighting all the deficiencies in the FAC and providing guidance for remedying those defects, the only substantive change Plaintiffs made in the SAC was to add Paragraph 9(l). (Dkt. 60 at 1:19-25, 5:2-21, 7:9–10:18.) Paragraph 9(l) refers to "Exhibit 1-4," which it claims are attached to the SAC, incorporated by reference, and supposedly "set forth the unconstitutional conditions of confinement at the Jail and [] provide evidence of those conditions." (Dkt. 58 at ¶ 9(l).) Paragraph 9(l) then generically alleges that "the Supervisor defendants must have known of those conditions and took no actions to remedy [them], and their inactions . . . were the moving forces behind the conditions." (*Id.*) These exhibits are not properly incorporated by reference because, as the Court previously found in connection with a purported exhibit to the FAC, the SAC neither attaches these exhibits (Defendants assume Plaintiffs are referring to "Exhibits 1–4 in Support of Motion for Preliminary Injunction" in Dkt. 57) nor "discuss[es] [them] at any level of detail." (Dkt. 60 at 7:12–8:11 (citing Dkt. 54 at 2 n.1).) Even if the exhibits were properly incorporated by reference, they are irrelevant to Plaintiffs' claims and do not provide the missing factual allegations to state viable claims against Defendants. (Dkt. 60 at 8:12–10:18.) All of these documents have also been repeatedly rejected by the Court in connection with Plaintiffs' previous pleadings and motions. (*Id.*)

In response, Plaintiffs admit in their Opposition that the only substantive change they made to the SAC was the addition of Paragraph 9(l). (Dkt. 62 at 8:8-19.) Plaintiffs simply reproduce Paragraph 9(l) in its entirety and claim in a conclusory fashion that the Court "hardly can decline to consider" the reports from the Sybil Brand Commission for Institutional Inspections ("Sybil Brand reports") in Exhibit 1 in Dkt. 57 and the other purported exhibits because they are supposedly "properly considered on a motion to dismiss" and "need not have been admissible in evidence." (*Id.* at 8:20-22.) Plaintiffs provide no analysis to support these conclusions and rely solely on an order denying a motion to dismiss in another case in this District (*Cole v. Los Angeles Cnty.*, No. 2:23-cv-10392-SB-PD), which Plaintiffs claim "put paid to virtually all of defense counsel's contentions herein." (Dkt. 62 at 8:22–9:8, 28:11–29:18.) Paragraph 9(l) and Plaintiffs' purported exhibits are not sufficient to correct the FAC's fatal defects identified by the Court and Defendants, and the *Cole* order is inapposite.

Plaintiffs do not address Defendants' arguments demonstrating that the Sybil Brand reports and the other purported exhibits are not properly incorporated by reference. Plaintiffs have provided no explanation or details regarding these exhibits in Paragraph 9(l) or their Opposition, and they are not attached to the SAC. Indeed, there are no specific citations or quotations to the exhibits in the SAC or Plaintiffs' Opposition. As the Court recognized in its Order, "[t]he Ninth Circuit has warned that 'what inferences a court may draw from an incorporated document should . . . be approached with caution.'" (Dkt. 54 at 2 n.1 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018)).) As explained in Defendants' Motion, this is an instance in which no inferences should be drawn from the alleged exhibits because Plaintiffs failed to properly incorporate them by reference. (Dkt. 60 at 7:21–8:11.)

Even if the exhibits were properly incorporated by reference as Plaintiffs claim, Plaintiffs have also failed to rebut Defendants' arguments that they are irrelevant to Plaintiffs' claims, do not remedy the FAC's pleading defects, and have repeatedly been found unpersuasive by the Court. (Dkt. 60 at 8:12–10:18.) None of the exhibits, nor

4

Paragraph 9(l), demonstrate the "duration, frequency and consistency" of Plaintiffs' purported conditions of confinement required to establish a custom that is "so persistent and widespread" as required to satisfy *Monell*. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). For example, the Sybil Brand reports in Exhibit 1 provide accounts of inspections of only particular Men's Central Jail ("MCJ") modules on particular dates at particular times; most of the observations and complaints raised in the Sybil Brand reports do not concern the alleged conditions of confinement to which Plaintiffs object; the complaints at issue in the reports are largely unverified and constitute hearsay; and one of the reports postdates the filing of the initial complaint in this action in July 2024 (Dkt. 57 at 76-92 (report for inspection occurring on August 18, 2024). The exhibits and Paragraph 9(l) also do not show that Defendants acted with "deliberate indifference" (*Connick v. Thompson*, 563 U.S. 51, 61 (2011)) or that any custom was the "moving force" behind Plaintiffs' alleged harm (*Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690–91, 694 (1978)). Indeed, Paragraph 9(l), the Sybil Brand reports, and the other exhibits do not contain any factual allegations regarding how Defendants supposedly knew of any of the conditions of confinement alleged and failed to remedy them, or how Defendants are purportedly linked with Plaintiffs' alleged harm. Accordingly, even if the purported exhibits were properly incorporated by reference, they are irrelevant to Plaintiffs' claims and do not set forth the necessary factual allegations required to meet Plaintiffs' pleading burden.

The order entered by another court in this District in *Cole v. Los Angeles County* is not relevant here and does not foreclose Defendants' arguments as Plaintiffs insist. The operative complaint in the *Cole* case purports to state a *Monell* claim against Defendant Sheriff Robert Luna and the County of Los Angeles ("County") Board of Supervisors for two alleged conditions of confinement that Plaintiffs similarly assert here (i.e., "bad plumbing" and "roaches"). As a threshold matter, Plaintiffs erroneously state that the motion to dismiss denied by the *Cole* court was made on behalf of the same defendants in this case (Dkt. 62 at 8:23, 28:15-16), but only Defendant Luna was

1  a party to that motion. *See Cole v. Los Angeles Cnty.*, 2024 WL 5116403, at *1 (C.D. Cal. Dec. 11, 2024). The members of the Board of Supervisors had not yet been served or appeared in the action, as the *Cole* court noted in its order. *Id.* at *1 n.1. In fact, the Board of Supervisors defendants agreed to waive proper service and filed their motion to dismiss in the *Cole* case yesterday. (*See Cole v. Los Angeles Cnty.*, No. 2:23-cv-10392-SB-PD at Dkt. 101.) Moreover, the *Cole* court did not hold that the *Monell* claim was adequately pled, but rather focused solely on whether the moving defendants had met their burden for dismissal. (*Cole*, 2024 WL 5116403, at *4–*5.) The *Cole* court found only that the defendants' analysis in their motion was "insufficient to satisfy their burden to show that dismissal [was] warranted," and thus the moving defendants in that case did "not show that Plaintiff ha[d] failed to state a *Monell* claim." (*Id.* at *1, *4.) Specifically, the court found that the defendants had "not developed any argument to show that such an alleged custom" of "unconstitutional conditions of confinement" was "insufficient to support a *Monell* claim." (*Id.* at *4.) The court further held that the defendants had "fail[ed] to contend" with the Sybil Brand reports by not providing analysis or authority for their assertion that the reports did not give notice of any unconstitutional conditions. (*Id.*) By contrast, Defendants here have met their burden for dismissal through thorough analysis with factual and legal support, as the Court previously found with respect to the FAC and as Defendants have demonstrated in their Motion and herein with respect to the SAC. The order in the *Cole* case is thus wholly inapplicable here.

### C.  Defendants Are Not Appropriately Named in the SAC

In the SAC, Plaintiffs named the individual Defendants (the County Sheriff, the Chief of Custody Services Division, General Population for the County Sheriff's Department, and the members of the County Board of Supervisors) in both their official and individual capacities. In their Motion to Dismiss, Defendants established that they are not properly named either way. (Dkt. 60 at 10:19–12:26.)

///

### 1. Defendants Are Not Properly Named in Their Personal Capacities Because the SAC Lacks Any Allegations of Their "Personal Participation" in Purported Misconduct

In their Motion to Dismiss, Defendants cited controlling Ninth Circuit authority requiring that Plaintiffs adequately allege Defendants' "personal participation" in the allegedly unlawful conduct in order to properly name them in their individual capacities. (Dkt. 60 at 10:17–11:16 (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); and *Nelson v. Cnty. of Sacramento*, 926 F. Supp. 2d 1159, 1165 (E.D. Cal. 2013)).) As the Court recognized in its Order, "a plaintiff must allege *facts*, not simply conclusions, that show that [each] individual [defendant] was personally involved in the deprivation of his or her civil rights." (Dkt. 54 at 6:5-8 (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).) As Defendants explained, the SAC (like the FAC) does not allege **_any_** such facts. (Dkt. 60 at 10:17–11:16.)

In response, Plaintiffs reproduced excerpts from Paragraphs 9 and 10 in the SAC and the entirety of their Counts 1 and 2 in their Opposition, and then summarily claimed that they "have detailed the specific conduct of the various individual defendants" and thus "sufficiently have alleged liability." (Dkt. 62 at 17:1–19:14.)[1] Plaintiffs assert that "[n]othing more possibly could be pled without discovery and plaintiffs' *Monell* claims adequately are pled." (*Id.* at 19:13-14.) Plaintiffs did not address the defects raised by the Court or Defendants at all. Indeed, they did not point to any factual assertions alleging Defendants' "personal participation" in the alleged constitutional violations. As a result, Plaintiffs once again do not state any claims against Defendants in their personal capacities.

///

---

[1] Plaintiffs also claim that "[t]here are allegations against the defendants in their individual capacities" and cite a purported allegation that does not appear in the SAC. (Dkt. 62 at 21:6-13.) Defendants assume that this allegation was cited in the Opposition in error.

7

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

2438637

## 2. Defendants Are Not Properly Named in Their Official Capacities Because the County Is the Real Party in Interest

Defendants contended in their Motion to Dismiss that, to the extent that any claims survive Defendants' Motion (they should not), the County and the Sheriff's Department should be substituted for Defendants following *Monell* because they are the real defendants in interest rather than their individual officials and employees. (Dkt. 60 at 11:17–12:26 (citing *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997) and *Lee v. Gates*, 2001 WL 1098070, at *4 (C.D. Cal. Sept. 10, 2001)).) Indeed, Plaintiffs' own discovery requests in this action show that having the proper parties (i.e., the County and the Sheriff's Department) as the defendants will promote judicial economy and prevent duplication and waste of public resources. (Dkt. 60 at 12:13-26; Dkt. 60-3.)

In response, Plaintiffs admitted that "[s]uing Los Angeles County defendants/officials in their official capacities, as here, is the same as suing the County," and "suing the supervisor defendants in their official capacities means that the County has been sued." (Dkt. 62 at 13:7-8, 24-25.) However, Plaintiffs claimed they do not name the County instead simply because they "choose[] not to name it" and they are "the master[s] of [their] complaint." (*Id.* at 13:24-25, 14:1; *see also id.* at 31:2-4.) Naming Defendants in their official capacities, according to Plaintiffs, "commands their attention" (*id.* at 14 n.3), and substituting the County "would defeat the well-known deterrent purpose of § 1983" because the County would "always [] take the legal heat for those officials through whom it must act" (*id.* at 19:27–20:4).

Plaintiffs also dismissed the authority relied upon by Defendants in their moving papers because they were issued by the Honorable Dickran Tevrizian and Honorable Gary L. Taylor, whom Plaintiffs argue were "government-friendly, civil rights plaintiffs-hostile, right-wing judges." (*Id.* at 14:9-13; *see also id.* at 20:5-16 (setting forth a misguided and self-serving assessment of *Luke* (as well as other cases not cited by Defendants) as an "incorrect decision[] that overreach[ed] and which created new

8

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

2438637

law in [a] clear example[] of so-called judicial activism . . . engaged in by [a] Republican-appointed judge[]").) Plaintiffs also claim that *Luke* and *Lee* are inapplicable here because they did not name both Defendants and the County in this suit. (*Id.* at 14:14-18.) Plaintiffs' arguments actually support Defendants' position and fail to distinguish *Luke* and *Lee*, which are good law.

Plaintiffs' admissions in their Opposition that suing the individual Defendants is equivalent to suing the County reveals that they will not be prejudiced by Defendants' requested relief. *First*, Plaintiffs misinterpret Section 1983's purpose and effect regarding official capacity claims. Because suing Defendants in their official capacities is equivalent to suing the County, it follows that the County will in fact "always [] take the legal heat" for Defendants regardless of whether they are individually named. Indeed, the County "must pay any damages awarded" under these circumstances. *See Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002). Accordingly, "the well-known deterrent purpose of § 1983" would not be "defeated" by substituting the County and the Sheriff's Department for Defendants in this action because they are the real defendants in interest rather than their officials and employees.

*Second*, the fact that Plaintiffs do not like or agree with the judges who issued the *Luke* and *Lee* opinions does not affect their persuasive value as legal authority. Moreover, *Luke* is analogous because, following *Monell*, it contemplated the exact scenario at issue here where government officials were sued instead of the entity. *See Luke*, 954 F. Supp. at 204. Indeed, *Lee* agreed with *Luke*'s reasoning and dismissed official capacity claims against government officials and substituted the government entity where only the officials had been sued. *See Lee*, 2001 WL 1098070, at \*4. Accordingly, if any claims survive Defendants' Motion to Dismiss (they should not), Defendants should be dismissed from the action and the County and Sheriff's Department added in their stead.

### D. The SAC Fails to State a Claim against Defendants

In their Motion to Dismiss, Defendants demonstrated how each of Plaintiffs'

2438637

asserted claims in the SAC does not remedy the flaws identified by the Court and Defendants and thus still fails as a matter of law.

In response, Plaintiffs generally refer to Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." (Dkt. 62 at 14:19-21, 15:5-8, 16:13-15.) Plaintiffs also repeatedly cite *Conley v. Gibson*, 355 U.S. 41 (1957) and multiple cases applying its outdated pleading standard. (Dkt. 62 at, *e.g.*, 9:17-25, 21:17-21.) *Conley*'s "no-set-of-facts" test was expressly abrogated by *Twombly*'s plausibility standard (*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561-64 (2007)) and thus has not been the governing standard for pleadings in nearly two decades. *See Cole*, 2024 WL 5116403, at *3 n.3 ("Plaintiff, again, seeks to apply the 'no-set-of-facts test' from *Conley v. Gibson*, 355 U.S. 41 (1957) and cites to numerous pre-*Twombly* cases. The Court has twice explained that *Conley* has been abrogated."). In doing so, Plaintiffs ignored the United States Supreme Court and Ninth Circuit case law cited by Defendants setting forth the elements Plaintiffs are required to plead in order to properly state their claims. Plaintiffs also do not address any of the defects identified by the Court or the Court's clear instructions to correct them in its Order.

Plaintiffs acknowledge that they are required to "set forth in their complaint factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory" (Dkt. 62 at 10:27–11:2), and that "[a] complaint that states the specific acts of the defendants that violated the plaintiffs' rights meets the notice requirements of Rule 8(a)" (*id.* at 15:5-8). However, Plaintiffs do not identify any specific acts of Defendants warranting liability or establish any other elements of their claims and thus fail to satisfy even the bare minimum standard delineated in Rule 8(a). (Dkt. 60 at 7:9–11:16, 13:1–18:11; *see also* Dkt. 54 at 6:1–9:10, 11:26–13:23.)

///

///

1. Plaintiffs' *Monell* Claims Are Devoid of Any Allegations of a Policy, Custom, or Practice That Was the "Moving Force" Behind Their Purported Harm

Defendants argued in their Motion to Dismiss that Plaintiffs' *Monell* claims (Counts 1-3) in the SAC should be dismissed because, as in the FAC, they fail to identify any policy, custom, or practice promulgated by the County as required by *Monell*, let alone one that served as the "moving force" behind Plaintiffs' alleged harm. (Dkt. 60 at 13:11–16:7 (citing *Monell*, 436 U.S. at 691, 694).) Defendants also argued that Plaintiffs had failed to show that Defendants acted with "deliberate indifference" to the alleged conditions of confinement, which is subject to a "stringent standard" and thus difficult to meet. (*Id.* at 14:26–15:10 (citing *Connick*, 563 U.S. at 61 and *Nelson*, 926 F. Supp. 2d at 1169).) Because Counts 1-3 in the SAC are nearly identical to those same counts in the FAC, the Court's analysis of these claims' shortcomings in its Order applies with equal rigor. (*Id.* at 15:11-28 (citing Dkt. 54 at 6:19–7:3, 8:24–9:7, 9 n.7).)

In response, Plaintiffs contend in their Opposition that they "have pled that the custom of maintaining the Jail as an unconstitutional environment states a claim." (Dkt. 62 at 29:25-26.) Plaintiffs also claim that they have adequately pled that Defendants acted with "deliberate indifference" to Plaintiffs' constitutional rights. (*Id.* at 17:25–18:8, 29:1-11 (quoting Paragraph 10 in the SAC).) Plaintiffs fall short on both counts, and their *Monell* claims are still insufficiently pled.

Try as Plaintiffs might, willing a nebulous purported custom to state a *Monell* claim does not make it so. *Monell* requires identification of particular alleged customs, and a "custom of maintaining the Jail as an unconstitutional environment" is in no way specific. *See Espinoza v. Santa Ana Police Dep't*, 2020 WL 1223530, at *3 (C.D. Cal. Jan. 28, 2020) (plaintiffs "must specifically describe the alleged policies or customs" in order to state a *Monell* claim) (citing *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). Nor have Plaintiffs alleged that the purported conditions of confinement they identify are "founded upon practices of sufficient duration,

2438637

frequency and consistency" and "so persistent and widespread" that his generic custom constitutes "the standard operating procedure of the local government entity," "a permanent and well settled city policy," or "a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918. Rather, Plaintiffs' allegations show only "isolated or sporadic incidents" at best, and "[l]iability for improper custom may not be predicated" on this faulty foundation. *Id.* Indeed, Plaintiffs' allegations pertain only to them and their purported experiences. (Dkt. 58 at ¶ 9.)

In addition, the SAC's conclusory allegations that Defendants acted "with deliberate indifference" because they "caused," "ratified," "condoned," "acquiesced in," or "otherwise made [Plaintiffs' harm] possible" and "failed in their duty to train police in proper, allowable, constitutional policing and jail procedures" (Dkt. 58 at ¶ 10) comes nowhere close to satisfying the "stringent standard" of deliberate indifference "requiring proof that a municipal actor disregarded a known or obvious consequence of his action" (*Connick*, 563 U.S. at 61). Nowhere does the SAC identify "a pattern of similar constitutional violations by untrained employees" as required to establish deliberate indifference based on a failure to train. *Id.* at 62. Like the FAC, the SAC lacks factual allegations showing that Defendants had knowledge of Plaintiffs' alleged harm or a pattern of similar constitutional violations by employees and failed to rectify them.

Moreover, Plaintiffs did not even attempt to address *Monell*'s requirement that any alleged custom, practice, or policy must be the "moving force" behind their alleged harm; indeed, as in the FAC, there are no facts in the SAC establishing this causation element, only legal conclusions containing the phrase "moving force." (Dkt. 58 at ¶¶ 6, 9(l), 10, 13, 14.) As the Court found in its Order, it "need not credit bare assertions that Defendants 'participated in, or approved of, condoned, acquiesced in, ratified, or are otherwise legally responsible for the wrongful acts alleged.'" (Dkt. 54 at 6:19–7:3.) "Plaintiffs must do more" than "merely parrot[] the elements for liability," which are allegations that the Court "need not accept . . . as true." (*Id.* at 8:24–9:3, 9 n.7.)

Accordingly, Plaintiffs' *Monell* claims in the SAC, which are nearly identical to the corresponding claims in the FAC, should once again be dismissed. *See Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011).

### 2. Plaintiffs' RICO Claim Is Duplicative of Their Defective *Monell* Claims and Lacks Any Specific Facts Establishing Predicate Acts

Defendants asserted in their Motion to Dismiss that Plaintiffs made no changes whatsoever to their RICO claim (Count 8), and thus it is defective for all the same reasons previously identified by Defendants and the Court. Indeed, Plaintiffs' RICO claim falls short because it is predicated on the same facts as Plaintiffs' deficient Section 1983 *Monell* claims. (Dkt. 60 at 16:10-24 (citing *Yagman v. Garcetti*, 2014 WL 3687279, at *4 (C.D. Cal. July 9, 2014), *aff'd*, 852 F.3d 859 (9th Cir. 2017) and Dkt. 54 at 13:12-14.) In addition, Plaintiffs failed to adequately allege a factual basis for any predicate act under Federal Rule of Civil Procedure 9(b), which reflects a heightened pleading standard that the Court determined applied to Plaintiffs' claim. (Dkt. 60 at 16:25–18:11 (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986)); Dkt. 54 at 12:18-25.)

In response, Plaintiffs ignored Defendants' argument that their RICO claim is based on the same facts as their faulty *Monell* claims in their Opposition. Instead, Plaintiffs' Opposition focuses on Defendants' liability as co-conspirators under RICO (Dkt. 62 at 24:6–28:8), despite the Court's holding that Plaintiffs had not adequately alleged the existence of a conspiracy in the FAC, which is nearly identical to the SAC (Dkt. 54 at 7:4–8:2, 9:11–10:3). Plaintiffs contended that their predicate act allegations satisfy Rule 9(b) because the "time, place, and specific content" of their alleged misrepresentations are purportedly supplied by the following conclusory allegation: from 1975 to the present, Defendants were "covering up and attempting to cover up the deplorable conditions at the Jail and failing and refusing to obey many, many court orders to remedy the 'horrific' Jail conditions and making many misrepresentations to this Court about the Jail conditions." (Dkt. 62 at 25:2-11.)

By failing to address Defendants' argument that Plaintiffs' RICO claim is based on the same facts as their inadequate *Monell* claims, Plaintiffs concede that their RICO claim is insufficiently pled. *See Galindo v. United States*, 2023 WL 3564770, at *5 (C.D. Cal. Mar. 15, 2023) (Garnett, J.) (recognizing that a plaintiff concedes that claims should be dismissed by failing to address the defendant's arguments for dismissal in his opposition brief). Moreover, because the SAC's RICO claim reflects no changes from the same claim in the FAC, the SAC lacks any specific allegations regarding any predicate acts of fraud or obstruction of justice engaged in by any of the Defendants as previously explained by Defendants and the Court. Despite Plaintiffs' self-serving assessment, Plaintiffs' conclusory allegations that Defendants committed fraud and obstructed justice by purportedly "covering up" MCJ conditions, failing to obey court orders to improve the conditions, and making misrepresentations to the Court about these conditions do not afford any of the details regarding the circumstances and content of alleged misrepresentations or any other specific facts that are required for RICO predicate acts under Rule 9(b). *See Schreiber*, 806 F.2d at 1400-01. As the Court found in its Order, these are "the kind of threadbare recitals of the elements of a cause of action that do not suffice to state a claim." (Dkt. 54 at 13:20-23 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).) Accordingly, Plaintiffs' RICO claim should once again be dismissed.

### E. <u>Plaintiffs Should Not Be Granted Leave to Amend</u>

In their Motion to Dismiss, Defendants argued that the SAC should be dismissed with prejudice because Plaintiffs have failed to state viable claims after three opportunities to do so. The Court provided a thorough analysis of the FAC's shortcomings and clear instructions on how to fix them, and Plaintiffs did not heed any of the Court's guidance. Instead, Plaintiffs filed the SAC with nearly identical claims to the FAC and improperly attempted to incorporate by reference four exhibits that the Court has repeatedly rejected. Further amendment would thus be futile. (Dkt. 60 at 18:12–19:21.)

In response, Plaintiffs simply maintain in their Opposition that they should once again "be given leave to amend, with instructions on just how to amend" based on "a generous policy that favors amendments." (Dkt. 62 at 31:6-15; *see also id.* at 15:9-26, 21:21-26.) Plaintiffs do not address their previous failures to adequately allege their claims, nor Defendants' authority holding that dismissal with prejudice is appropriate following "repeated failure[s] to cure the deficiencies in [Plaintiffs'] pleadings" and Plaintiffs' "fail[ure] to comply" with the Court's Order providing "detailed instructions as to what they needed to do to fix the problems with their [SAC]." *Destfino v. Reiswig*, 630F.3d 952, 958–59 (9th Cir. 2011). Indeed, Plaintiffs have already been provided "instructions on just how to amend" as they now request (Dkt. 62 at 31:6-15), and they did not follow those instructions. They also concede that amendment would be futile by stating that "[n]othing more possibly could be pled without discovery." (*Id.* at 19:13-14.) Accordingly, Plaintiffs should not be granted leave to amend, and the SAC should be dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons and those stated in Defendants' Motion to Dismiss, Defendants respectfully request that the Court grant their Motion and dismiss Plaintiffs' SAC in its entirety without leave to amend.

DATED:  December 31, 2024

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: */s/ Andrew Baum*
    ANDREW BAUM
    ALAINA BIRD

*Attorneys for Defendants*
*Robert Luna, Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, Lindsey Horvath, and Hugo Macias*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2

The undersigned, counsel of record for Defendants Robert Luna, Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, Lindsey Horvath, and Hugo Macias, certifies that this brief contains 5,070 words and 15 pages, which complies with the word limit in Local Rule 11-6.1 and the page limit in this Court's Standing Order.

DATED: December 31, 2024

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: */s/ Andrew Baum*
ANDREW BAUM
ALAINA BIRD

*Attorneys for Defendants
Robert Luna, Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, Lindsey Horvath, and Hugo Macias*