JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.L. BOYD AND R. CAMOU,<br>Plaintiffs,<br>v.<br>ROBERT LUNA, KATHRYN BARGER, JANICE HAHN, HOLLY MITCHELL, HILDA SOLIS, LINDSEY HORVATH, HUGO MACIAS, and 9 UNKNOWN NAMED DEFENDANTS,<br>Defendants. | Case No. 2:24-cv-05716-SPG-AJR<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT [ECF NO. 60] AND DENYING PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND FOR ORDER REMOVING DEFENSE COUNSEL [ECF NOS. 59 & 65]** |

Before the Court is the Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 60) filed by Defendants Robert Luna, Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, Lindsey Horvath, and Hugo Macias (the "Defendants"). Also before the Court are the Motions for Preliminary Injunction (ECF No. 59) and for Removal of Defense Counsel (ECF No. 65) filed by Plaintiffs J.L. Boyd and R. Camou ("Plaintiffs"). The Court has read and considered all three motions and concluded that they are suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court

GRANTS Defendants' Motion to Dismiss and DENIES Plaintiffs' Motions for Preliminary Injunction and Removal of Defense Counsel.

## I. BACKGROUND

The Court previously summarized the factual background for this case in its November 7, 2024, Order dismissing Plaintiffs' First Amended Complaint. *See* (ECF No. 54 (the "November Order")). In brief, Plaintiffs alleged that they experienced "intolerably bad conditions" at the Los Angeles County Men's Central Jail (the "Jail"), including faulty plumbing, insect infestations, and inadequate food. (ECF No. 33 ("FAC") ¶ 9). Specific to Boyd, the FAC alleged that officials at the Jail moved him to "gang modules," where he was beaten up and had his belongings stolen. (*Id.*). Plaintiffs brought four claims under 42 U.S.C. § 1983, one § 1985 conspiracy claim, two international law claims, and one claim under the civil RICO statute. (*Id.* ¶¶ 11-157). Plaintiffs sought certification for a class of similarly situated prisoners and requested compensatory and punitive damages against Defendants. (*Id.* at 14-15). The FAC named as defendants in their personal and official capacities the Los Angeles County Sheriff, the five members of the Los Angeles County Board of Supervisors, and the Chief of the Custody Services Division at the Jail.

In the November Order, the Court dismissed the FAC in its entirety, granting leave to amend as to the RICO claim and three of the § 1983 claims, but dismissing with prejudice the international law claims, the § 1985 conspiracy claim, and one of the § 1983 claims. (Nov. Order at 6-13). On November 17, 2024, Plaintiffs[1] filed their Second Amended Complaint, (ECF No. 56 ("Initial SAC")), along with a set of four exhibits, (ECF No. 57 (the "Exhibits")). Plaintiffs subsequently submitted a "corrected and amended" Second Amended Complaint on November 24, 2024. (ECF No. 58 ("Corrected and Amended SAC" or "SAC")). For purposes of these motions, the Court will consider the November 24 filing to be the operative complaint.

---

[1] The FAC included an additional plaintiff, C. Robinson, who was omitted from the SAC and therefore terminated as a plaintiff from this case. Under the operative complaint, only J.L. Boyd and R. Camou remain as Plaintiffs.

In the SAC, Plaintiffs reallege the four claims dismissed without prejudice in the November Order. The only major change from the FAC is the addition of Paragraph 9(1), which states:

> Attached hereto and incorporated herein by this reference as Exhibits 1-4 are Exhibit 1, various Inspection Reports of the County of Los Angeles Sybil Brand Commission, Exhibit 2, evidence of mistreatment of plaintiff Camou, Exhibit 3, information about the Jail contained in a Wikipedia article, and Exhibit 4, articles in the Los Angeles Times that set forth the unconstitutional conditions of confinement at the Jail and that provide evidence of those conditions and that the Supervisor defendants must have known of those conditions and took no actions to remedy those conditions, and their inactions, pursuant to *Cabrales v. Cnty. of Los Angeles* were the moving forces behind the conditions.

(SAC ¶ 9(l)). The Exhibits were not attached to either the Initial SAC or the Corrected and Amended SAC, but were instead submitted as a separate filing. The Exhibits substantially align with Plaintiffs' characterization, except Exhibit 2, which does not provide evidence of mistreatment of Camou, but rather consists of a declaration from Boyd about his own experience in the Jail. *See* (Exhibits at 94). Aside from this addition, Plaintiffs amended the SAC only with small changes to the wording of several sentences. *See* (ECF No. 58-1) (showing redlined edits to SAC).

On December 3, 2024, Plaintiffs filed the Motion for Preliminary Injunction. (ECF No. 59). Defendants opposed on December 18, 2024, (ECF No. 61), and Plaintiffs replied on December 26, 2024, (ECF No. 63). Meanwhile, Defendants filed the Motion to Dismiss on December 9, 2024. (ECF No. 60). Plaintiffs timely opposed on December 24, 2024, (ECF No. 62), and Defendants replied on December 31, 2024, (ECF No. 64). Finally, Plaintiffs filed the Motion for Removal of Defense Counsel on January 1, 2025. (ECF No. 65). Defendants opposed on January 8, 2025, (ECF No. 69), and Plaintiffs replied on January 9, 2025, (ECF No. 70).

## II. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice," nor must it accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted).

---

[2] The Court notes that Plaintiffs' counsel has repeatedly cited to the "no-set-of-facts test" from *Conley v. Gibson*, 355 U.S. 41 (1957), and to numerous pre-*Twombly* cases applying this test. (Opp. at 9, 21-22). Plaintiffs' counsel has been repeatedly notified by other courts that *Conley* has been abrogated. *See Cole v. Los Angeles Cnty.*, No. 2:23-cv-10392-SB-PD, 2024 WL 5116403, at *3 n.3 (C.D. Cal. Dec. 11, 2024). Plaintiffs' counsel is admonished to refrain from citing case law to this Court that has been abrogated by the U.S. Supreme Court.

## III. DISCUSSION

As an initial matter, the Court must determine whether to review the purported Exhibits filed by Plaintiffs and referenced at Paragraph 9(l) of the SAC. In the November Order, the Court declined to consider the Los Angeles Times articles, except as evidence that there was some degree of information about poor conditions at the Jail in the public realm, because Plaintiffs referenced them a single time in the FAC and failed to attach them as exhibits. *See* (November Order at 2 n.1). The Court noted that the Ninth Circuit has warned that "what inferences a court may draw from an incorporated document should . . . be approached with caution." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Defendants cite this discussion to argue that the Court should decline to incorporate the Exhibits and should draw no inferences from them. (ECF No. 60 at 15).

In ruling on a motion to dismiss, courts may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court is not convinced that Plaintiffs' purported exhibits qualify under any of these headings.

First, under Rule 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). And on a motion to dismiss, such exhibits "may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991) (citation omitted). Here, however, Plaintiffs filed the purported exhibits not as attachments, but as separate documents from the SAC, potentially in violation of Local Rule 15-2. *See* C.D. Cal. L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.").

More importantly, the documents do not appear to be the types of documents that courts ordinarily admit under Rule 10(c). "Several courts addressing the issue have found that Fed. R. Civ. P. 10(c) only permits the incorporation of a legally operable 'written instrument' such as a contract, check, letter, or affidavit, but not items such as newspaper

articles, commentaries and editorial cartoons." *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 820 (C.D. Cal. 2011) (internal quotation marks and citations omitted). *See, e.g.*, *Perkins v. Silverstein*, 939 F.2d 464, 467 n.2 (7th Cir. 1991) (holding that "newspaper articles, commentaries and editorial cartoons . . . are not the type of documentary evidence or 'written instrument[s]' which Fed. R. Civ. P. 10(c) intended to be incorporated into" a complaint); *Mora v. City of Chula Vista*, No. 2-cv779-GPC(AGS), 2021 WL 1165054, at *8 (S.D. Cal. Mar. 26, 2021) (declining to include as exhibits "a newspaper article" and three webpages where the exhibits "do not form the basis of the claims, and in fact, the complaint makes no reference to them"). Thus, the exhibits consisting of newspaper articles and a Wikipedia page appear to be outside the scope of material considered to be "part of the pleading" under Rule 10(c).

Moreover, the Ninth Circuit has held that "affidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint." *Ritchie*, 342 F.3d at 908. As such, Boyd's affidavit, attached as Exhibit 2, is also suspect. Finally, "lengthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings." 5A C. Wright et al., Federal Practice & Procedure § 1327 (4th ed. 2024). Plaintiffs' inclusion of a nearly 100-page report by the Sybil Brand Commission without discussion of how the report relates to the allegations in the complaint does not support treating this document as part of the pleading under Rule 10(c). At the very least, the Court notes that "separately filed notices and exhibits do not substitute for presenting factual allegations in the body of a complaint, and . . . the Court is not required to sift through such materials to tease out a valid claim." *Stephens v. Biden*, No. 3:23-cv-00817-SB, 2024 WL 554274, at *10 (D. Or. Jan. 26, 2024). *See also Delacruz v. Turco*, No. 19-10456-JCB, 2019 WL 2124249, at *2 (D. Mass. May 15, 2019) (noting that the use of exhibits "does not excuse [a] plaintiff of his responsibility to clearly set forth the relevant allegations in the body of the complaint").

Next, under the incorporation-by-reference doctrine, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1123-24 (9th Cir. 2002). The plaintiff must refer "extensively" to the document or the document must "form[] the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (citation omitted). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document" into the complaint. *Id.* (citation omitted). Here, Plaintiffs mention most of the documents only a single time, in Paragraph 9(l), which makes general reference to the documents and states that they are "[a]ttached hereto and incorporated herein by this reference." (SAC ¶ 9(l)). The SAC also refers to the Los Angeles Times articles one other time, stating that the articles "report on the 'horrific' conditions in the Los Angeles County Mens' [sic] Central Jail," and "are incorporated herein by this reference." (*Id.* ¶ 10). However, for the "extensively" requirement to mean anything, "it should, ordinarily at least, mean more than once." *Khoja*, 899 F.3d at 1003. And Plaintiffs fail to set out which facts from the purported exhibits they intend to rely on, such that they do not appear to "form the basis" of Plaintiffs' complaint. *See id.*

Finally, under the doctrine of judicial notice, courts may "notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Id.* at 999 (quoting Fed. R. Evid. 201(b)). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). While a court "may take judicial notice of matters of public record," a court "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citation omitted). Plaintiffs do not argue for judicial notice, nor are the purported exhibits the type of documents "not subject to reasonable dispute" that are ordinarily subject to judicial notice. As such, the Court will not consider any of the exhibits under this doctrine.

Thus, the Court is not convinced that Plaintiffs' purported exhibits—particularly the news and Wikipedia articles—should be considered as part of this Motion. However, as

discussed below, even assuming that the exhibits are properly incorporated into the SAC, the Court's conclusion as to the merits of the instant Motion is unchanged. Therefore, for purposes of this Motion, the Court will consider the purported exhibits, notwithstanding the above discussion.

### A. *Monell* Claims

To make out a *Monell* claim for liability against a municipal entity, a plaintiff must prove "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation and alterations omitted). Absent a showing of a "formal government policy," a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity" and that is "so persistent and widespread that it constitutes a permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotation marks and citations omitted).

Plaintiffs assert three *Monell* claims. Count One seeks relief for alleged Fourth, Eighth, and Fourteenth Amendment violations; Count Two seeks relief for unconstitutional customs and practices that violated Plaintiffs' constitutional rights; and Count Three seeks relief for an alleged cover-up of the conditions in the Jail. (SAC ¶¶ 11-18).

In the November Order, the Court dismissed Count One because Plaintiffs failed to link the alleged harm they suffered with any conduct of Defendants and instead "simply assert[ed], in conclusory fashion, that Defendants 'set the policies and accepted the customs of the Jail.'" (November Order at 6). Plaintiffs have amended this claim by adding that Defendants "each and all" set the policies "and were responsible for" the customs of the Jail. (SAC ¶ 13). They have also stated that Defendants' "policies and customs and their inactions were the moving forces behind the alleged constitutional violations that are alleged." (*Id.* ¶ 13).

These amendments fail to rectify the deficiencies identified in the November Order. As the Court previously stated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. To impose § 1983 liability on an individual, "[a] plaintiff must allege *facts*, not simply conclusions, that show that [the] individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added). Plaintiffs have alleged no facts showing that Defendants were personally involved in the deprivation of their civil rights. Moreover, while they point generally to the existence of "policies and customs" of the Jail, (SAC ¶ 13), they fail to identify any specific "formal government policy" or "longstanding practice or custom." *Trevino*, 99 F.3d at 918.

The same is true for Counts Two and Three. In the November Order, the Court dismissed Count Two (then Count Four) because Plaintiffs merely parroted the elements of liability without identifying any formal policy or longstanding custom or practice that caused their alleged harm. (November Order at 8). And the Court dismissed Count Three because Plaintiffs failed to include any factual allegations that Defendants themselves engaged in the purported cover-up. (*Id.* at 9). The SAC contains no revisions to the allegations in either count. Plaintiffs have thus failed to address the deficiencies in the complaint relating to the lack of any formal policy or any direct connection to Defendants.

Consideration of the Exhibits does not change this conclusion. Exhibit 1, a report by the Sybil Brand Commission, highlights deficiencies identified during various inspections of Modules at the Jail. While this evidence might bolster Plaintiffs' claims of deficiencies under a different procedural posture, for purposes of this Motion to Dismiss, the Court is already required to accept the truth of the allegations in Plaintiffs' complaint. *Manzarek*, 519 F.3d at 1031. The report otherwise does nothing to address the deficiencies identified in the November Order. It does not mention any of the parties to this case, nor does it identify any official policies or persistent and longstanding practices of the County of Los Angeles. The SAC also fails to discuss the Sybil Brand Commission report at all

beyond the one-sentence introduction of the Exhibits at Paragraph 9(l), and it does not identify any specific part of the nearly one-hundred page report that is relevant to Plaintiffs' claims. As discussed above, "the Court is not required to sift through such materials to tease out a valid claim." *Stephens*, 2024 WL 554274, at *10.

The remaining Exhibits suffer from the same problems. Exhibit 2 is a declaration by Boyd regarding the treatment he faced in the Jail. But the declaration simply restates the allegations made in the complaint, providing no further information addressing the deficiencies identified in the November Order. Exhibit 3 is a Wikipedia article about the Jail, identifying issues related to overcrowding and prior lawsuits, and Exhibit 4 consists of several Los Angeles Times articles about the Jail. But again, the information in these articles is not responsive to the deficiencies identified in the November Order. And outside of introducing the Exhibits in Paragraph 9(l), Plaintiffs mention the Exhibits only once, stating "[t]he contents of the Los Angeles Times June 5, 2024 article . . . are incorporated herein by this reference." (SAC ¶ 10). Without any discussion of the Exhibits, it is unclear how they are intended to benefit Plaintiffs' complaint.

Plaintiffs point to a recent district court decision on a similar claim where the court denied a motion to dismiss the plaintiff's *Monell* claim, crediting in part the inclusion of the Sybil Brand Commission report. *See Cole*, 2024 WL 5116403 at *4. However, the court in that case stressed the "insufficient" arguments raised by the defendants, which were "limited to four bullet points of conclusory contentions that do not address the applicable legal standard or specifically analyze the relevant allegations." *Id.* The court concluded that the defendants had waived their arguments by failing to develop them. *Id.* (citing *John-Charles v. Cal.*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011)). There is no such deficiency in the briefing here. Moreover, the Court here previously identified the deficiencies in Plaintiffs' complaint and provided the opportunity to amend, and Plaintiffs made only minimal amendments that were unresponsive to the identified deficiencies. Given the different posture of this Motion to Dismiss, the Court is not persuaded to follow *Cole*.

**B. RICO Claim**

Plaintiffs' final cause of action is a civil RICO claim, which requires showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (quoting 18 U.S.C. §§ 1964(c), 1962(c)). Plaintiffs allege predicate acts of fraud and obstruction of justice. (SAC ¶¶ 20-21).

Plaintiffs have made no amendments to their RICO claim, such that the Court's prior reasoning in dismissing the claim applies equally here. On the fraud claim, Federal Rule of Civil Procedure 9(b) requires a plaintiff to "[s]tate with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Where fraud is premised on affirmative misrepresentations, a plaintiff must set forth in the complaint "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (citation omitted). The SAC states merely that "[t]he fraud has occurred by defendants covering-up and attempting to cover-up the deplorable conditions at the Jail and failing and refusing to obey many, many court orders to remedy the 'horrific Jail conditions and making many misrepresentations to this court about the Jail conditions." (SAC ¶ 20). Plaintiffs have not identified the time, place, or specific content of any false representations made by Defendants and have therefore fallen well short of the heightened pleading standard under Rule 9(b).

As to the obstruction of justice claim, Plaintiffs allege that obstruction has occurred by Defendants (1) inflicting constitutional violations on Plaintiffs and preventing Plaintiffs from exercising their constitutional rights, and (2) disobeying court orders to remedy the Jail conditions. But just as with the FAC, Plaintiffs have failed to plausibly make out their underlying § 1983 claims, as discussed above. And as to the contempt argument, Plaintiffs merely restate the elements of contempt without offering any factual allegations, the kind of "[t]hreadbare recitals of the elements of a cause of action" that "do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

**C. Whether to Grant Leave to Amend**

Generally, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Nevertheless, a district court "may in its discretion deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks, citation, and alteration omitted). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003) (citation omitted).

Plaintiffs here were given multiple opportunities to amend their complaint, including after the identification of specific deficiencies in the Court's November Order. Yet, Plaintiffs have not only failed to cure the deficiencies, they have failed to substantially alter their complaint in any fashion. Moreover, Plaintiffs' briefing in response to this Motion to Dismiss was substantially identical to that submitted in response to Defendants' previous motion to dismiss, failing to grapple with the deficiencies identified by the Court. Under these circumstances, the Court concludes that further opportunity to amend would be futile and, as such, DISMISSES the complaint without leave to amend.

**D. Plaintiffs' Motions**

Given the Court's conclusion on the Motion to Dismiss, Plaintiffs' Motion for Preliminary Injunction is DENIED as moot. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Likelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors."

*Disney Enters. Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal quotation marks and citation omitted). As established above, Plaintiffs have failed to state a claim upon which relief can be granted, and they therefore cannot establish the likelihood of success on the merits.

Given the Court's order dismissing the case without leave to amend, Plaintiffs' Motion for Removal of Defense Counsel is similarly DENIED as moot. However, even if it were not moot, the Court would deny Plaintiffs' Motion as entirely lacking in merit. Plaintiffs' counsel filed the Motion on the grounds that defense counsel "twice insinuate[ed] the plaintiff's counsel is a rapist." (ECF No. 65 at 1). In the Motion, plaintiffs' counsel stated that the offending statements were made "in open court and on the record" as well as in "a letter [defense counsel] wrote to plaintiff's counsel." (*Id.* at 2). However, plaintiffs' counsel failed to provide any specific information about the alleged statements or attach any evidence to support his incendiary accusations. In opposition, defense counsel attached the letter, in which she wrote that she was "not comfortable conducting" a meet-and-confer at plaintiffs' counsel's personal residence and instead suggested holding the meeting online. (ECF No. 69-2 at 2). She also included an affidavit, in which she attested that the alleged statement made in court similarly expressed her discomfort with holding the meeting at plaintiffs' counsel's home. (ECF No. 69-1 ¶ 4). Plaintiffs' counsel does not dispute this characterization of the facts but asserts that the inference he drew was the only possible reason defense counsel could have made these statements. (ECF No. 70 at 2). The Motion is not well taken. As provided by defense counsel, the actual statements bear little resemblance to plaintiffs' counsel's characterization in the Motion. Far from making the insinuations suggested by plaintiffs' counsel, the statements constitute an entirely reasonable suggestion by defense counsel in response to a situation that would make many uncomfortable. The Court reminds plaintiffs' counsel of his obligations under Rule 11 and of the Court's authority to impose sanctions for filings that lack evidentiary support or are made to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss and DISMISSES Plaintiffs' complaint in its entirety. Given this ruling, the Court DENIES Plaintiffs' Motions for Preliminary Injunction and for Removal of Defense Counsel. Plaintiffs' remaining claims are dismissed without leave to amend, and this case is closed.

**IT IS SO ORDERED.**

DATED: February 3, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE